# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| CELA MORA, | Case No.: 1:21-cv-00199 |
|            Plaintiff, | |
| v. | |
| ANGIODYNAMICS, INC., & NAVILYST MEDICAL, INC., | |
|            Defendants. | |

---

## DEFENDANTS' MOTION TO DISMISS

---

Mark A. Waite
Attorney in Charge
Texas Bar No. 00791865
**DLA PIPER LLP (US)**
1000 Louisiana Street
Suite 2800
Houston, Texas  77002-5005
Tel:    (713) 425-8445
Fax:    (713) 425-8401
mark.waite@dlapiper.com

Stephen C. Matthews (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey  07078
Tel:    (973) 520-2550
Fax:    (973) 520-2551
stephen.matthews@dlapiper.com

*Attorneys for Defendants*
*AngioDynamics, Inc. & Navilyst Medical, Inc.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 2

BACKGROUND FACTS ........................................................................................................... 2

    I.      ANGIODYNAMICS AND NAVILYST .................................................................. 2

    II.     PLAINTIFF'S BACKGROUND AND PLAINTIFF'S ALLEGATIONS .............. 2

    III.   PLAINTIFF'S DISMISSED MASSACHUSETTS LAWSUIT ............................. 3

    IV.   PLAINTIFF'S AWARENESS OF LACK OF BASIS FOR
          JURISDICTION IN MASSACHUSETTS. ............................................................ 4

ISSUES REQUIRING RESOLUTION ..................................................................................... 4

LEGAL STANDARD ................................................................................................................. 5

ARGUMENT .............................................................................................................................. 5

    I.      SUMMARY OF THE ARGUMENT. .................................................................... 5

    II.     PLAINTIFF'S TORT CLAIMS MUST BE DISMISSED. .................................... 6

          A.     Plaintiff's Tort Claims Are Time Barred. ................................................. 6

                 i.       Texas's Two-Year Statute of Limitations Applies. ........................ 6

                 ii.      Plaintiff's Tort Claims Were Time Barred By, at the Latest,
                        July 2, 2021 ....................................................................................... 6

                 iii.     The Texas Savings Clause Does Not Apply. ................................... 7

          B.     Plaintiff Has Failed to State Any Tort Claim ........................................... 10

                 i.       Plaintiff Has Failed to State a Claim for Negligence .................... 10

                 ii.      Plaintiff Has Failed to State a Claim for Failure to Warn ............ 11

                 iii.     Plaintiff Has Failed to State a Claim for Manufacturing
                        Defect. .............................................................................................. 11

                 iv.    Plaintiff Has Failed to State a Claim for Design Defect. ............... 12

    III.    PLAINTIFF'S WARRANTY-BASED CLAIMS MUST BE DISMISSED. ........ 13

          A.     Plaintiff Failed to Allege Pre-Suit Notice. ................................................ 13

          B.     Plaintiff Has Failed to State a Claim for Breach of Implied
               Warranty. ..................................................................................................... 14

          C.     Plaintiff Has Failed to State a Claim for Breach of Express
               Warranty. ..................................................................................................... 14

    IV.    PLAINTIFF'S REQUESTS FOR PUNITIVE DAMAGES, ATTORNEYS'
          FEES, AND SPECIAL DAMAGES MUST BE DISMISSED. ........................... 15

CONCLUSION ......................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agenbroad v. McEntire*,
   595 F. App'x 383 (5th Cir. 2014) ..........................................................7

*Aubrey v. D Mag. Partners, L.P.*,
   2020 WL 1469955 (N.D. Tex. Mar. 26, 2020) ...........................................8

*Barragan v. Gen. Motors LLC*,
   2016 WL 3519675 (W.D. Tex. June 22, 2016) .................................12, 13

*Beacon Mar., Inc v. HEAVY LIFT VB-10,000*,
   2020 WL 4676767 (S.D. Tex. Aug. 11, 2020) ..............................5, 14

*In re BP p.l.c. Sec. Litig.*,
   51 F. Supp. 3d 693 (S.D. Tex. 2014) ........................................................6

*Bryant v. Giacomini, S.p.A.*,
   391 F. Supp. 2d 495 (N.D. Tex. 2005) .....................................................12

*Buraimoh v. BMW of N. Am., LLC*,
   2020 WL 7711823 (W.D. Tex. Dec. 29, 2020) ......................................14

*Carpenter v. Bos. Sci. Corp.*,
   2019 WL 3322091 (N.D. Tex. July 24, 2019) .........................................10

*Castillo v. Bos. Sci. Corp.*,
   2020 WL 5608510 (S.D. Tex. Sept. 18, 2020) ......................................12

*Deeds v. Whirlpool Corp.*,
   2016 WL 6070552 (S.D. Tex. Oct. 17, 2016) .........................................15

*Dixon v. C.R. Bard, Inc.*,
   2020 WL 6164462 (S.D. Tex. June 16, 2020) ........................... *passim*

*Dollery v. Post Acute Med. Mgmt., LLC*,
   2022 WL 161333 (S.D. Tex. Jan. 18, 2022) .............................................5

*Dorest v. Piney Point Surgical Ctr.*,
   2011 WL 2633575 (S.D. Tex. July 5, 2011) .............................................5

*Duncan v. Smith & Nephew, Inc.*,
   2020 WL 6151233 (S.D. Tex. Oct. 5, 2020) .........................................10

*Elmazouni v. Mylan, Inc.*,
   220 F. Supp. 3d 736 (N.D. Tex. 2016) ...................................................................12

*Est. of I.C.D. v. Beaumont Indep. Sch. Dist.*,
   2020 WL 1028073 (E.D. Tex. Mar. 2, 2020) ...........................................................8

*Etan Indus., Inc. v. Lehmann*,
   359 S.W.3d 620 (Tex. 2011)....................................................................................7

*Fearrington v. Bos. Sci. Corp.*,
   410 F. Supp. 3d 794 (S.D. Tex. 2019) ...................................................................13

*Garrett v. Hamilton Standard Controls, Inc.*,
   850 F.2d 253 (5th Cir. 1988) ................................................................................10

*Great Am. Indem. Co. v. Brown*,
   307 F.2d 306 (5th Cir. 1962) ................................................................................16

*Harness v. AngioDynamics, Inc.*,
   2021 WL 4441260 (D. Mass. Sept. 28, 2021) ..................................................2, 4, 8

*Hotvedt v. Schlumberger Ltd. (N.V.)*,
   942 F.2d 294 (5th Cir. 1991) ..................................................................................8

*King-White v. Humble Indep. Sch. Dist.*,
   803 F.3d 754 (5th Cir. 2015) ..................................................................................6

*Kingston v. AngioDynamics, Inc.*,
   2021 WL 3022320 (D. Mass. July 16, 2021)......................................................2, 4, 8

*Lopez v. AngioDynamics, Inc.*,
   2021 WL 5040320 (D. Mass. Oct. 28, 2021).....................................................2, 9, 10

*Mora v. Angiodynamics, Inc.*,
   2021 WL 5040333 (D. Mass. Oct. 28, 2021).................................................. *passim*

*O'Donnell v. Diaz*,
   2018 WL 3827617 (N.D. Tex. Aug. 9, 2018)...........................................................6

*Omni USA, Inc. v. Parker-Hannifin Corp.*,
   964 F. Supp. 2d 805 (S.D. Tex. 2013) ........................................................... *passim*

*Oubre v. Schlumberger Ltd.*,
   2016 WL 5334627 (S.D. Tex. Sept. 23, 2016),
   *aff'd,* 684 F. App'x 424 (5th Cir. 2017)..................................................................6

*Pettit v. AngioDynamics, Inc.*,
   2021 WL 4441261 (D. Mass. Sept. 28, 2021) ...............................................2, 4, 8, 9

*Sanchez v. QuikTrip Corp.*,
2019 WL 1380310 (N.D. Tex. Mar. 27, 2019) ..................................................................13

*Scarlott v. Nissan N. Am., Inc.*,
771 F.3d 883 (5th Cir. 2014) ...........................................................................................15

*Smith v. Chrysler Grp., LLC*,
2017 WL 11630515 (E.D. Tex. June 26, 2017),
*R&R adopted as modified*, 2017 WL 3482174 (E.D. Tex. Aug. 14, 2017),
*aff'd sub nom.*, 909 F.3d 744 (5th Cir. 2018) ..................................................................10

*U.S. Bank Nat'l Ass'n v. Lamell*,
2021 WL 954848 (S.D. Tex. Jan. 18, 2021) ......................................................................5

*Von Beck-Lutes v. Arning*,
484 F. Supp. 2d 585 (W.D. Tex. 2007) .............................................................................15

*Walters v. AngioDynamics, Inc.*,
2021 WL 5040331 (D. Mass. Oct. 28, 2021) ..................................................................2, 9

*z.o.o. S.K.A. v. Texas Instruments Inc.*,
2019 WL 1432925 (N.D. Tex. Mar. 28, 2019) ................................................................15

## Statutes

M.G.L. c. 93A .........................................................................................................................13

Tex. Civ. Prac. & Rem. Code § 16.064 ..............................................................................7, 8

## Other Authorities

Fed. R. Civ. P. 6......................................................................................................................4

Fed. R. Civ. P. 12....................................................................................................................5

Pursuant to Rule 12(b)(6), Defendants AngioDynamics, Inc. ("AngioDynamics") and Navilyst Medical, Inc. ("Navilyst") hereby submit this motion to dismiss ("Motion" or "Mot.") Plaintiff's Complaint for Damages ("Complaint").

## INTRODUCTION

Plaintiff is a Texas resident who was allegedly harmed in Texas by a medical procedure that took place in Texas.  Despite Plaintiff being made well aware through sworn evidence in substantially similar cases filed by attorneys on behalf of other plaintiffs that AngioDynamics and Navilyst are incorporated in Delaware, having their principal place of business in New York, and manufacture their medical devices in New York, Plaintiff, in an obvious attempt at forum shopping, filed suit in Massachusetts state court.  Unsurprisingly, after AngioDynamics and Navilyst removed the case to federal court, Plaintiff's claims were dismissed for lack of personal jurisdiction (as were those of the other plaintiffs on behalf of which Plaintiff's counsel improperly filed cases in Massachusetts).  Now, on the eve of expiration of the Texas savings clause for statutes of limitations, Plaintiff filed the Complaint in this matter.

The Court should dismiss Plaintiff's Complaint in its entirety.  Plaintiff's tort claims are barred by Texas's two-year statute of limitations, and Plaintiff cannot invoke the Texas savings clause because the decision to first file in Massachusetts was a strategic choice in the face of sworn evidence contradicting any possible basis that could even potentially have existed for doing so.  Moreover, even if Plaintiff's tort claims are not barred by the statute of limitations, Plaintiff has failed to state a claim.  Similarly, Plaintiff's breach of warranty claims must be dismissed because Plaintiff has failed to allege that Plaintiff provided the required pre-suit notice for such claims, and Plaintiff has further failed to sufficiently state any breach of warranty claims.  Finally, even if any of Plaintiff's claims survive (which they should not),

-1-

*DEFENDANTS' MOTION TO DISMISS*

Plaintiff's requests for certain remedies must be dismissed as a matter of law, depending on which claims survive.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed the Complaint on December 27, 2021.  (*See* Dkt. 1.)  AngioDynamics and Navilyst now move to dismiss the Complaint.

## BACKGROUND FACTS

### I.  ANGIODYNAMICS AND NAVILYST

AngioDynamics is a Delaware corporation with its principal place of business in New York.  *Lopez v. AngioDynamics, Inc.*, 2021 WL 5040320, at *2 (D. Mass. Oct. 28, 2021); *Mora v. Angiodynamics, Inc.*, 2021 WL 5040333, at *2 (D. Mass. Oct. 28, 2021); *Walters v. AngioDynamics, Inc.*, 2021 WL 5040331, at *2 (D. Mass. Oct. 28, 2021); *Harness v. AngioDynamics, Inc.*, 2021 WL 4441260, at *2 (D. Mass. Sept. 28, 2021); *Pettit v. AngioDynamics, Inc.*, 2021 WL 4441261, at *3 (D. Mass. Sept. 28, 2021); *Kingston v. AngioDynamics, Inc.*, 2021 WL 3022320, at *3 (D. Mass. July 16, 2021).  Navilyst is a Delaware corporation.  (Dkt. 1 ¶ 4.)  In 2012, AngioDynamics acquired Navilyst, which has since been a wholly owned subsidiary of AngioDynamics, and Navilyst's current principal place of business is in New York.  *Lopez*, 2021 WL 5040320, at *2; *Mora*, 2021 WL 5040333, at *2; *Walters*, 2021 WL 5040331, at *2; *Harness*, 2021 WL 4441260, at *2; *Pettit*, 2021 WL 4441261, at *3; *Kingston*, 2021 WL 3022320, at *3.   AngioDynamics and Navilyst are involved in the manufacturing of medical devices.  (Dkt. 1 ¶¶ 3, 4.)

### II.  PLAINTIFF'S BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a resident of Texas.  (Dkt. 1 ¶ 2.)  Plaintiff alleges that on March 28, 2019, Plaintiff "underwent placement of the AngioDynamics SmartPort, lot number 5433493," which was "implanted by Dr. Velarde at Valley Baptist Medical Center in Harlingen, Texas, for the

purpose of ongoing breast cancer treatment." (*Id.* ¶ 38.)  Plaintiff further alleges that "[o]n July 1, 2019, Plaintiff underwent surgery with Dr. Padginton at Valley Baptist Medical Center to remove the SmartPort and the fractured catheter." (*Id.* ¶ 41.)  Plaintiff has alleged causes of action for negligence, failure to warn, manufacturing defect, design defect, breach of implied warranty, and breach of express warranty.

## III.   PLAINTIFF'S DISMISSED MASSACHUSETTS LAWSUIT

On June 23, 2021, Plaintiff filed suit against AngioDynamics and Navilyst in Massachusetts state court (the "Massachusetts Case").  *Mora*, 2021 WL 5040333, at *1; *see also Mora v. AngioDynamics, Inc.*, C.A. No. 2181CV01388 (Mass. Super. Ct.).  On August 19, 2021, AngioDynamics and Navilyst removed the case to the U.S. District Court for the District of Massachusetts (the "Massachusetts Court") and filed a motion to dismiss for lack of personal jurisdiction (the "Massachusetts Motion to Dismiss").  *Mora*, 2021 WL 5040333, at *1.  Plaintiff opposed the Massachusetts Motion to Dismiss and moved to remand (the "Massachusetts Motion to Remand").  *Id.*

On October 28, 2021, the Massachusetts Court granted the Massachusetts Motion to Dismiss and denied the Massachusetts Motion to Remand.  *Id.*  The Massachusetts Court found that Plaintiff "has failed to make a colorable case for the existence of personal jurisdiction."  *Id.* at *7 (internal quotation marks omitted).  The Massachusetts Court held that it could not exercise specific jurisdiction because Plaintiff "has failed to point to evidence connecting Defendants' Device-related activities to Massachusetts," and "all key events related to this case occurred elsewhere"—"Defendants manufactured the Device in New York, and Ms. Mora (1) lives, (2) was implanted with the Device, and (3) was allegedly injured and treated, in Texas."  *Id.* at *6. The Massachusetts Court further held that it could not exercise general jurisdiction because

"AngioDynamics and Navilyst are both incorporated in Delaware," and "it is clear that Defendants' principal places of business are in New York." *Id.* at *2, *5.[1]

## IV.   PLAINTIFF'S AWARENESS OF LACK OF BASIS FOR JURISDICTION IN MASSACHUSETTS.

In addition to the fact that Plaintiff had no basis for claiming that Massachusetts could exercise jurisdiction, though, Plaintiff should have been well aware of this for at least two additional reasons.

First, months before Plaintiff filed her complaint in the Massachusetts Case on June 23, 2021, AngioDynamics and Navilyst had already presented sworn evidence in other substantially similar cases filed by the same Plaintiff's counsel as in the Massachusetts Case—and in this case—making clear that Plaintiff had no basis for asserting that Massachusetts had jurisdiction over AngioDynamics or Navilyst in this case. *Harness*, No. 1:21-cv-10233-ADB, Dkt. 1-4; *Kingston*, No. 1:21-cv-10234-DJC, Dkt. 1-4; *Pettit*, No. 1:21-cv-10568-ADB, Dkt. 1-4; *Harness*, No. 1:21-cv-10233-ADB, Dkt. 21-1; *Kingston*, No. 1:21-cv-10234-DJC, Dkt. 23-1. Second, on July 16, 2021, a judge in one of the previously referenced similar cases held that it lacked personal jurisdiction over AngioDynamics and Navilyst. *Kingston*, 2021 WL 3022320.

Plaintiff filed the Complaint at issue in the Motion in this Court on December 27, 2021.[2]

### ISSUES REQUIRING RESOLUTION

1.   Whether Plaintiff's tort claims are time barred.

2.   Alternatively, whether Plaintiff has failed to state a tort claim.

---

[1] The Massachusetts Court also denied the Motion to Remand. *Mora*, 2021 WL 5040333, at *2–*3.

[2] AngioDynamics and Navilyst do not argue that Plaintiff failed to file the Complaint within sixty days of dismissal of the Massachusetts Case. *See* Fed. R. Civ. P. 6(a)(1)(C).

3.      Whether Plaintiff's warranty claims must be dismissed for failure to allege pre-suit notice.

4.      Alternatively, whether Plaintiff has failed to state a warranty claim.

5.      If any of Plaintiff's claims survive, whether certain forms of relief request by Plaintiff must be dismissed.

## LEGAL STANDARD

Rule 12(b)(6) "permits a defendant to move to dismiss for failure to state a claim upon which relief may be granted." *Dollery v. Post Acute Med. Mgmt., LLC*, 2022 WL 161333, at *1 (S.D. Tex. Jan. 18, 2022) (internal quotation marks omitted). "[A] a complaint must include 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Beacon Mar., Inc v. HEAVY LIFT VB-10,000*, 2020 WL 4676767, at *2 (S.D. Tex. Aug. 11, 2020). A party may raise a statute of limitations defense by Rule 12(b)(6) motion. *Dorest v. Piney Point Surgical Ctr.*, 2011 WL 2633575, at *1 (S.D. Tex. July 5, 2011).[3]

## ARGUMENT

### I.    SUMMARY OF THE ARGUMENT.

Plaintiff's tort claims must be dismissed because they are time barred by Texas' two-year statute of limitations and because the Texas savings clause does not apply. But even if Plaintiff's tort claims were not time barred, they must still be dismissed because Plaintiff has failed to state a claim. Plaintiff's breach of implied and express warranty claims must be dismissed[4] because Plaintiff has failed to allege pre-suit notice, and even if Plaintiff had so alleged, Plaintiff has

---

[3] The Court may consider publicly filed Court documents in connection with a motion to dismiss. *U.S. Bank Nat'l Ass'n v. Lamell*, 2021 WL 954848, at *2 (S.D. Tex. Jan. 18, 2021), *R&R adopted*, 2021 WL 951881 (S.D. Tex. Mar. 11, 2021).

[4] Plaintiff's warranty claims may not be subject to dismissal based on the statute of limitations at this time. *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 815 (S.D. Tex. 2013).

failed to state a claim.  Finally, if any of Plaintiff's claims survive, Plaintiff's requests for certain remedies must be dismissed.

## II.     PLAINTIFF'S TORT CLAIMS MUST BE DISMISSED.

### A.     Plaintiff's Tort Claims Are Time Barred.

#### i.      Texas's Two-Year Statute of Limitations Applies.

"[T]he Court looks to the law of forum to choose which statute of limitations applies."  *In re BP p.l.c. Sec. Litig.*, 51 F. Supp. 3d 693, 697 (S.D. Tex. 2014).   "Texas courts do not undertake a 'choice of law' analysis when it comes to statutes of limitations; they simply enforce Texas's own limitations periods."  *Id.*[5]  "In Texas, the statute of limitations for personal injury claims is two years."  *O'Donnell v. Diaz*, 2018 WL 3827617, at *1 (N.D. Tex. Aug. 9, 2018). Moreover, "[s]o long as the plaintiff is a Texas resident, then Texas's two-year statute of limitations for personal injury suits applies, even though the injury or act occurred outside of Texas."  *Oubre v. Schlumberger Ltd.*, 2016 WL 5334627, at *5 (S.D. Tex. Sept. 23, 2016), *aff'd*, 684 F. App'x 424 (5th Cir. 2017).

Here, Plaintiff is a resident of Texas.  (Dkt. 1 ¶ 2.)  Moreover, Plaintiff alleges that she suffered personal injury in connection with a medical procedure that took place in Texas.  (*Id.* ¶ 38).  Accordingly, Texas's two-year statute of limitations applies to Plaintiff's tort claims.

#### ii.     Plaintiff's Tort Claims Were Time Barred By, at the Latest, July 2, 2021.

"In a personal injury case, a cause of action accrues when the wrongful act causes the injury."  *O'Donnell*, 2018 WL 3827617, at *1.  A limited exception is "the 'judicially-crafted' discovery rule," which "defers accrual of the cause of action if 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'"  *King-White v.*

---

[5] The only exceptions do not apply.  *In re BP p.l.c. Sec. Litig.*, 51 F. Supp. 3d at 697–98.

*Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). "In such a circumstance, the cause of action does not accrue until the plaintiff knows or reasonably should have known of the injury." *Id.*

Here, Plaintiff alleges that on "March 28, 2019, Plaintiff underwent placement of the AngioDynamics SmartPort, lot number 5433493," which "was implanted by Dr. Velarde at Valley Baptist Medical Center in Harlingen, Texas, for the purpose of ongoing breast cancer treatment" and that "[o]n July 1, 2019, Plaintiff underwent surgery with Dr. Padginton at Valley Baptist Medical Center to remove the SmartPort and the fractured catheter." (Dkt. 1 ¶¶ 38, 41.)[6] Accordingly, Plaintiff's claims were time barred by, at the very latest, July 2, 2021. (*Id.* ¶ 41.)[7] As Plaintiff filed the Complaint on December 27, 2021, Plaintiff's claims are time barred unless the Texas savings clause applies.

### iii.    The Texas Savings Clause Does Not Apply.

"Texas Civil Practice and Remedies Code Section 16.064 . . . provides" that "'[t]he period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if'" both "'(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.'" *Agenbroad v. McEntire*, 595 F.

---

[6] As the Motion argues that Plaintiff's tort claims are time barred even if the statute of limitations did not commence running until that date, fraudulent concealment has no bearing on the Motion. *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011).

[7] Significantly, Plaintiff's claims may have been time barred earlier than July 2, 2021, potentially as early as March 28, 2019. Should the Court deny the Motion, AngioDynamics and Navilyst reserve their right to raise this issue at an appropriate time as discovery progresses.

App'x 383, 387 (5th Cir. 2014) (quoting Tex. Civ. Prac. & Rem. Code § 16.064).  "[C]ourts have emphasized that the statute was intended to provide relief when an action was *mistakenly, in good faith*, filed in the wrong court."  *Est. of I.C.D. v. Beaumont Indep. Sch. Dist.*, 2020 WL 1028073, at *7 (E.D. Tex. Mar. 2, 2020).

Thus, "the statute of limitations is not tolled under § 16.064 'if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.'"  *Aubrey v. D Mag. Partners, L.P.*, 2020 WL 1469955, at *4 (N.D. Tex. Mar. 26, 2020) (quoting Tex. Civ. Prac. & Rem. Code § 16.064(b)).  Courts have held "intentional disregard to mean acting with design, resolve, or determination, treated as unworthy of regard or notice of the court's jurisdictional limits."  *Est. of I.C.D.*, 2020 WL 1028073, at *7.  And "[c]ourts have declined to toll limitations under § 16.064 where plaintiffs filed an action in a particular forum pursuant to a strategic decision," *id.*, even when "most sympathetic to" a plaintiff's "predicament," *Hotvedt v. Schlumberger Ltd. (N.V.)*, 942 F.2d 294, 297 (5th Cir. 1991).

Here, Plaintiff's decision to file the Massachusetts Case was no mistake, as shown by the following timeline:

- *February 11, 2021:*  In two other substantially similar cases filed in Massachusetts by Plaintiff's counsel on behalf of different plaintiffs, AngioDynamics and Navilyst filed affidavits making clear that AngioDynamics and Navilyst are incorporated in Delaware and have their principal place of business in New York.  *Harness*, No. 1:21-cv-10233-ADB, Dkt. 1-4; *Kingston*, No. 1:21-cv-10234-DJC, Dkt. 1-4.

- *April 5, 2021:*  In three substantially similar cases filed in Massachusetts by Plaintiff's counsel on behalf of a different plaintiff, AngioDynamics and Navilyst filed affidavits again making clear that AngioDynamics and Navilyst are incorporated in Delaware and have their principal place of business in New York.  *Pettit*, No. 1:21-cv-10568-ADB, Dkt. 1-4; *see also Harness*, No. 1:21-cv-10233-ADB, Dkt. 21-1; *Kingston*, No. 1:21-cv-10234-DJC, Dkt. 23-1.  This time, however, the affidavits included factual

detail to support those statements, including that "[a]ll significant corporate decisions for AngioDynamics and Navilyst are made by, or subject to review and approval by, executives based out of AngioDynamics' New York offices" and that "[a]ll of the products that AngioDynamics manufactures in the United States under the AngioDynamics and Navilyst names are manufactured in the state of New York." *Pettit*, No. 1:21-cv-10568-ADB, Dkt. 1-4.

- *June 23, 2021:*  Plaintiff commences the Massachusetts Case.  *See Mora*, 2021 WL 5040333, at *1.

- *July 16, 2021:*  A judge for the U.S. District Court of Massachusetts in one of those substantially similar cases held that it lacked personal jurisdiction over AngioDynamics and Navilyst.  *Kingston*, 2021 WL 3022320.

- *July 20,* 2021:  Plaintiff serves AngioDynamics and Navilyst with the complaint in the Massachusetts Case.  *Mora*, No. 1:21-cv-11352-ADB, Dkt. 1 ¶ 2.

As is clear from the timeline above, Plaintiff, through her counsel, was, for months, fully armed with information that shows that Plaintiff—a Texas resident who was allegedly harmed in Texas by a device made in New York—had no basis bringing the Massachusetts Case against two Delaware corporations with their principal place of business in New York.  Nonetheless, Plaintiff, through his counsel, consciously chose to disregard the information and make the strategic decision to file the Massachusetts Case anyway.  Ultimately, as Plaintiff should have foreseen, two different U.S. District Court judges in six different, but substantially similar cases—including Plaintiff's case—all filed by Plaintiff's counsel found plaintiffs' assertions as to the Court's personal jurisdiction over AngioDynamics and Navilyst so lacking that the judges declined to even allow the plaintiffs to conduct jurisdictional discovery.  *Lopez*, 2021 WL 5040320, at *7; *Mora*, 2021 WL 5040333, at *7; *Walters*, 2021 WL 5040331, at *8; *Harness*, 2021 WL 4441260, at *6; *Pettit*, 2021 WL 4441261, at *8; *Kingston*, 2021 WL 3022320, at *9.  Thus, Plaintiff's tort claims must be dismissed as time barred.

**B.** **Plaintiff Has Failed to State Any Tort Claim.**

Even if the Court finds that Plaintiff's claims are not time barred (which they are), the Court should still dismiss the Complaint because Plaintiff has failed to state a claim.

**i.** **Plaintiff Has Failed to State a Claim for Negligence.**

"Texas Courts have long recognized that both Strict Product Liability and Negligence causes of action are separate causes of action with different elements." *Dixon v. C.R. Bard, Inc.*, 2020 WL 6164462, at *2 (S.D. Tex. June 16, 2020). "When a plaintiff seeks to recover against a defendant's conduct related to a product that caused injuries, the negligence cause of action is 'encompassed and subsumed in their defective product theories.'" *Id.* "In other words, when the alleged negligence 'relates to a product that allegedly caused injuries,' the negligence cause of action is subsumed into the product liability." *Id.*; *see also Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 257 (5th Cir. 1988); *Duncan v. Smith & Nephew, Inc.*, 2020 WL 6151233, at *4 (S.D. Tex. Oct. 5, 2020), *R&R adopted*, 2020 WL 6152148 (S.D. Tex. Oct. 20, 2020); *Smith v. Chrysler Grp., LLC*, 2017 WL 11630515, at *4 (E.D. Tex. June 26, 2017), *R&R adopted as modified*, 2017 WL 3482174 (E.D. Tex. Aug. 14, 2017), *aff'd sub nom.*, 909 F.3d 744 (5th Cir. 2018). Here, Plaintiff's negligence claim should be dismissed as subsumed because it is entirely based on AngioDynamics and Navilyst's product, the Vortex, that allegedly caused Mr. Lopez's injuries, for which Plaintiff has also alleged strict products liability claims.

Moreover, even if Plaintiff's negligence claim was not subsumed (which it is), Plaintiff's negligence claim must also be dismissed because Plaintiff has failed to adequately state a negligence claim. "Under Texas law, to prevail on a negligence cause of action, a plaintiff must establish: (1) 'the existence of a duty,' (2) 'a breach of that duty,' and (3) 'damages proximately caused by the breach.'" *Carpenter v. Bos. Sci. Corp.*, 2019 WL 3322091, at *5 (N.D. Tex. July 24, 2019). As with all of Plaintiff's strict liability claims, which are discussed further below,

Plaintiff's negligence claim is based on nothing more than baseless, conclusory assertions, which are insufficient to survive a motion to dismiss.  *Id.* at *6.

### ii.    Plaintiff Has Failed to State a Claim for Failure to Warn.

"To survive a motion to dismiss, a plaintiff must allege enough facts, taken as true, to support (i) that the warning to her physician was inadequate, (ii) identifying the warning her doctor received, and either (iii) demonstrate a different warning would have changed the doctor's actions, or (iv) otherwise allege facts necessary to show the failure to warn caused the injury." *Dixon v. C.R. Bard, Inc.*, 2020 WL 6164462, at *2 (S.D. Tex. June 16, 2020).  "A manufacturer of a pharmaceutical product" or "medical devices" has a duty to warn the end-user of the potential risks," but "[t]his duty is satisfied 'by providing an adequate warning to a "learned intermediary.'"  *Id.*

Here, at the outset, Plaintiff's failure to warn claim is clearly subject to the learned intermediary doctrine as the SmartPort is a medical device that, as Plaintiff concedes, is "prescribed" by healthcare providers to patients.  (Dkt. 1 ¶ 27; *see also id.* ¶¶ 37, 80, 129.)  But Plaintiff does not "identify[] the warning her doctor received," let alone also set forth facts showing how "the warning . . . was inadequate" and that either "a different warning would have changed the doctor's actions" or that "the failure to warn caused the injury."  *Dixon*, 2020 WL 6164462, at *2.  Indeed, even Plaintiff appears not to know what warning is at issue as Plaintiff alleges that "warnings, labeling *and/or* instructions accompanying the product" could have been the problem.  (Dkt. 1 ¶ 83 (emphasis added).)  Thus, Plaintiff's failure to warn claim cannot survive.

### iii.    Plaintiff Has Failed to State a Claim for Manufacturing Defect.

"A plaintiff claiming a manufacturing defect must prove three elements: (1) that the product did not conform to the manufacturer's plans and specifications; (2) the nonconformance

made the product unreasonably dangerous; and (3) the defect was the cause of the injuries for which conformance was sought." *Bryant v. Giacomini, S.p.A.*, 391 F. Supp. 2d 495, 499 (N.D. Tex. 2005).   Importantly, "Texas law does not permit the inference of a defect to be drawn from the mere fact of a product-related accident." *Elmazouni v. Mylan, Inc.*, 220 F. Supp. 3d 736, 741–42 (N.D. Tex. 2016).

Here, Plaintiff does not articulate what the defect was or how the SmartPort that Plaintiff allegedly received differed from product specifications.  (Dkt. 1 ¶ 92.)  Plaintiff's manufacturing defect claim is nothing more than conclusory allegations of a defect in manufacturing, and therefore must be dismissed.  *Id.*

### iv.    Plaintiff Has Failed to State a Claim for Design Defect.

"A design defect claim must allege facts to support that (1) 'the product was defectively designed so as to render it unreasonably dangerous' (2) 'a safer alternative design existed,' and (3) 'the defect was a producing cause of the injury for which the plaintiff seeks recovery.'" *Dixon*, 2020 WL 6164462, at *4.  "Without adequate factual allegations of a 'safer alternative design,' a design defect claim will fail as a matter of law in Texas." *Id.* "Even at the motion to dismiss stage, 'a safer alternative design is a necessary component to a design defect claim.'" *Barragan v. Gen. Motors LLC*, 2016 WL 3519675, at *3 (W.D. Tex. June 22, 2016).

Here, critical to the fate of Plaintiff's design defect claim,[8] Plaintiff fails to "present any factual allegations regarding the safety and feasibility of the alternatives." *Dixon*, 2020 WL 6164462, at *4.  At best, the Complaint alleges only (Dkt. 1 ¶ 25) the existence of ""feasible available designs, feasible alternative treatments, and [f]easible and suitable alternatives," all of

---

[8] Even if Plaintiff's baseless, conclusory allegations (Dkt. 1 ¶¶ 24–25) are were sufficient to satisfy the first and third elements of pleading a design defect claim (they are not), Plaintiff's design defect claim must still be dismissed for failure to sufficiently allege an alternative design.

which are "both factually and legally insufficient" to plead a design defect claim.  *Castillo v. Bos. Sci. Corp.*, 2020 WL 5608510, at *5 (S.D. Tex. Sept. 18, 2020).  Indeed, Plaintiff has failed to allege facts to show that "such alternative designs 'were economically and technologically feasible,'" *Fearrington v. Bos. Sci. Corp.*, 410 F. Supp. 3d 794, 804 (S.D. Tex. 2019), and were so "*at the time* the product left the control of" AngioDynamics or Navilyst, *Barragan v. Gen. Motors LLC*, 2016 WL 3519675, at *4 (W.D. Tex. June 22, 2016) (emphasis added).  Thus, Plaintiff's design defect claim must be dismissed.

## III.   PLAINTIFF'S WARRANTY-BASED CLAIMS MUST BE DISMISSED.

### A.   <u>Plaintiff Failed to Allege Pre-Suit Notice.</u>

"Under Texas law, a buyer is required to notify the seller 'within a reasonable time' that a breach of warranty has occurred."  *Integrated Marine Servs., L.L.C. v. Hoist Liftruck Mfg.*, Inc., 2012 WL 5880914, at *4 (S.D. Tex. Nov. 21, 2012) (quoting Tex. Bus. & Comm. Code § 2.607(c)(1)).  "The pre-suit notice requirement applies to claims of both express and implied warranty breaches."  *Dixon v. C.R. Bard, Inc.*, 2020 WL 6164462, at *4 (S.D. Tex. June 16, 2020).  "The burden of alleging and proving proper notice is on the buyer."  *Integrated Marine*, 2012 WL 5880914, at *4.  "'Failure to notify the seller of the breach, thereby allowing the seller an opportunity to cure, bars recovery on the basis of breach of warranty.'"  *Id.*  Here, because Plaintiff has not alleged pre-suit notice, Plaintiff's warranty claims must be dismissed.  *Sanchez v. QuikTrip Corp.*, 2019 WL 1380310, at *3 (N.D. Tex. Mar. 27, 2019).[9]

---

[9] Of note, Plaintiff's complaint in the Massachusetts Case alleges that Plaintiff "satisfied any notice requirements . . . pursuant to the requirements of M.G.L. c. 93A."  *Mora*, No. 1:21-cv-11352-ADB, Dkt. 1-3 ¶ 142.  But the Complaint in this case does not allege that Plaintiff provided any notice of an alleged breach of warranty, let alone that any such notice satisfies the requirements for sufficiency under Texas law.  (Dkt. 1.)

### B.  Plaintiff Has Failed to State a Claim for Breach of Implied Warranty.

Even if Plaintiff had alleged pre-suit notice, Plaintiff's breach of implied warranty claim must be dismissed for failure to state a claim.  "An implied warranty is a representation about the implied quality or suitability of a product that the law implies and imports into a contract, in view of all facts and circumstances attending the transaction, including the nature of the property, terms of the agreement, and trade usages."  *Omni USA*, 964 F. Supp. 2d at 815 (internal quotation marks omitted).  "To prevail on an action for breach of implied warranty of merchantability, a plaintiff must prove (1) that the merchant sold goods to the plaintiff; (2) that the goods were unmerchantable, that is, unfit for ordinary purposes; (3) that the plaintiff notified the defendant of the breach; and (4) that the plaintiff suffered injury."  *Id.*  "[A] plaintiff must show that the product contained a defect that renders it unfit for its ordinary purpose, the defect existed when it left the manufacturer's possession, and that the defect caused the plaintiff to suffer injury."  *Buraimoh v. BMW of N. Am., LLC*, 2020 WL 7711823, at *5 (W.D. Tex. Dec. 29, 2020), *R&R adopted*, 2021 WL 2189176 (W.D. Tex. Jan. 26, 2021).

Here, Plaintiff's allegations that the SmartPort contained any defect—let alone one "render[ing] it unfit for its ordinary purpose"—that "the defect existed when it left the manufacturer's possession," *id.*, amount to nothing "more than labels and conclusions" and "naked assertion[s] devoid of further factual enhancement."  *Beacon Maritime*, 2020 WL 4676767, at *2 (internal quotation marks omitted).  Nor has Plaintiff sufficiently alleged that any such defect caused Plaintiff's harm.  Consequently, Plaintiff's implied warranty claim must be dismissed.

### C.  Plaintiff Has Failed to State a Claim for Breach of Express Warranty.

Even if Plaintiff had alleged pre-suit notice, Plaintiff's breach of express warranty claim must be dismissed for failure to state a claim.  "The elements of a cause of action for breach of

express warranty are (1) the defendant-seller made an express affirmation of fact or promise relating to the goods; (2) that affirmation or promise became part of the bargain; (3) the plaintiff relied upon that affirmation or promise; (4) the goods did not comply with the affirmation or promise; (5) the plaintiff was damaged by the noncompliance; and (6) the failure of the product to comply was the proximate cause of the plaintiff's injury." *Omni USA*, 964 F. Supp. 2d at 814–15.  Here, Plaintiff's breach of express warranty claim fails for several reasons.

First, Plaintiff's express warranty claim fails because Plaintiff does not identify (Dkt. 1 ¶ 112) a single actual "affirmation or promise" made. *Omni USA*, 964 F. Supp. 2d at 814–15; *Deeds v. Whirlpool Corp.*, 2016 WL 6070552, at *11 (S.D. Tex. Oct. 17, 2016).  Second, Plaintiff fails to allege with any specificity (Dkt. 1 ¶ 115) how any "affirmation or promise became part of the bargain" or "the plaintiff relied upon that affirmation or promise." *Omni USA*, 964 F. Supp. 2d at 814–15.[10]  Third, Plaintiff fails to allege with any specificity (Dkt. 1 ¶¶ 113–18) how the SmartPort "did not comply with the affirmation or promise," how "the plaintiff was damaged by the noncompliance," and how "the failure of the product to comply was the proximate cause of the plaintiff's injury." *Omni USA*, 964 F. Supp. 2d at 814–15.

## IV.   PLAINTIFF'S REQUESTS FOR PUNITIVE DAMAGES, ATTORNEYS' FEES, AND SPECIAL DAMAGES MUST BE DISMISSED.

First, if Plaintiff's tort claims are dismissed, Plaintiff's request for punitive damages must be dismissed because "Texas law does not . . . allow" them "for breach-of-warranty claims." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014).  Second, if Plaintiff's warranty claims are dismissed, Plaintiff's request for attorneys' fees must be dismissed, because, "[g]enerally, attorney's fees are not recoverable in an action for tort." *Von Beck-Lutes v. Arning*,

---

[10] Texas law is unclear as to whether privity is required for express warranty. *Cerber Prop. sp. z.o.o. S.K.A. v. Texas Instruments Inc.*, 2019 WL 1432925, at *3 (N.D. Tex. Mar. 28, 2019).  For the reasons above, the Court need not resolve that issue.

484 F. Supp. 2d 585, 588 (W.D. Tex. 2007).  Third, to the extent that any of Plaintiff's claims

survive, Plaintiff's request for special damages must be dismissed because "'special damage[s] . .

. shall be specifically stated,'" *Great Am. Indem. Co. v. Brown*, 307 F.2d 306, 308 (5th Cir.

1962), which Plaintiff has failed to do (Dkt. 1 at 20).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss the Complaint with prejudice.

Dated: April 1, 2022                              Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Mark A. Waite*
Mark A. Waite
Attorney in Charge
Texas Bar No. 00791865
1000 Louisiana Street, Suite 2800
Houston, Texas  77002-5005
Tel: (713) 425-8445
Fax: (713) 425-8401
Mark.waite@dlapiper.com

Stephen C. Matthews (*pro hac vice* forthcoming)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078
Tel: (973) 520-2550
Fax: (973) 520-2551
Stephen.matthews@dlapiper.com

*Attorneys for Defendants AngioDynamics, Inc.*
*& Navilyst Medical, Inc.*

-16-

## CERTIFICATE OF SERVICE

This certifies that the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

/s/ Mark A. Waite
Mark A. Waite
Attorney in Charge
Texas Bar No. 00791865