UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CELA MORA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-199 |
| | § | |
| | § | |
| | § | |
| ANGIODYNAMICS, INC. ET AL, | § | |
| Defendants | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Defendants AngioDynamics, Inc. and Navilyst Medical, Inc.'s (collectively, "Defendants") "Motion to Dismiss for Failure to State a Claim" ("Motion" or "Motion to Dismiss"), Plaintiff Cela Mora's "Response in Opposition to Motion to Dismiss for Failure to State a Claim" ("Response"), and Defendants' "Reply in Support of their Motion to Dismiss". Dkt. Nos. 17, 19, 22. For the reasons provided below, it is recommended that the Court: 1) **GRANT** Defendants' Motion to Dismiss; 2) **DISMISS** all of Plaintiffs' claims; 3) **DENY** Plaintiff's request for leave to amend her Complaint; and 4) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.  Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### II.  Background and Procedural History

This is a products liability, negligence, and breach of warranty case arising out of an injury allegedly caused by Plaintiff Cela Mora's ("Plaintiff") use of an implantable

vascular device that was manufactured and sold by Defendants. Dkt. No. 1. On or about March 28, 2019, Plaintiff underwent placement of the device at Valley Baptist Medical Center in Harlingen, Texas. *Id.* at ¶ 38. On July 1, 2019, Plaintiff underwent surgery at the same hospital to remove the device, which had allegedly fractured. *Id.* at ¶ 41. Plaintiff alleges that she experienced significant pain and suffering as well as economic loss due to this ordeal. *Id.* at ¶ 69.

On June 23, 2021, Plaintiff filed suit against Defendants in Massachusetts State Court. *Mora v. AngioDynamics, Inc.*, No. 21-cv-11352-ADB, 2021 WL 5040333, at *3 (D. Mass. Oct. 28, 2021). On August 19, 2021, Defendants removed the case to the U.S. District Court for the District of Massachusetts and filed a motion to dismiss for lack of personal jurisdiction. *Id.* Plaintiff filed an opposition to the motion as well as a motion to remand. *Id.* Plaintiff is a Texas resident and Defendants are both Delaware corporations. *Id.* at *2. While Plaintiff acknowledged that the diversity and amount-in-controversy requirements were satisfied, she argued that Defendants are Massachusetts citizens, such that the "forum defendant rule" barred removal. *Id.* at *4. Defendants responded that the forum defendant rule did not apply because they are not Massachusetts citizens. *Id.*

On October 28, 2021, the Massachusetts District Court granted Defendants' motion to dismiss and denied Plaintiff's motion to remand. *Id.* at *1. It was clear that the forum defendant rule did not apply as, based on uncontroverted evidence, Defendants' principal places of business are in New York. *Id.* at *5. While Plaintiff "advance[d] evidence purportedly demonstrating that Defendants have their principal places of business in Massachusetts, . . . the Court has already rejected nearly-identical evidence in

2

three nearly-identical cases." *Id.* at *6.[1]  Plaintiff could not "rely on self-serving, conclusory statements to establish jurisdiction." *Id.* at *10 (internal citation omitted).  At most, "[Plantiff's] evidence demonstrate[d] that Defendants have a presence in Massachusetts and conduct some business [t]here . . . At bottom, [Plaintiff] relie[d] on her attorneys' arguments and unsworn representations, which are insufficient to establish jurisdiction."  *Id.* at *11.  In so finding, the Court also denied Plaintiff's request for jurisdictional discovery. *Id.* at *17.

On December 27, 2021, Plaintiff refiled her suit in the U.S. District Court for the Southern District of Texas.  Dkt. No. 1 ("Complaint").  On April 1, 2022, Defendants filed the subject Motion to Dismiss, in which they assert that Plaintiff's claims are barred by Texas's statute of limitations, for failure to state a claim, and for failure to allege pre-suit notice (as to Plaintiff's warranty-based claims).  Dkt. No. 17.  Plaintiff responds that Texas's savings statute, *Tex. Civ. Prac. & Rem. Code § 16.064*, precludes dismissal pursuant to the statute of limitations.  Dkt. No. 19.  In addition, she asserts that "Defendant's contention [that] the Complaint should be dismissed . . . for insufficient pleading . . . ignores the factual recitations set forth by Plaintiff, thus dismissal under 12(b)(6) is inappropriate." *Id.* at 2.

### III.   Standard of Review

Dismissal is appropriate under Rule 12(b)(6) if the claimant fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Supreme Court has

---

[1] Here, the Court cited to *Walters v. AngioDynamics, Inc.*, No. 21-cv-11225 (D. Mass. Oct. 28, 2021), ECF No. 27; *Pettit v. AngioDynamics, Inc.*, No. 21-cv-10568, 2021 WL 4441261, at *3-4 (D. Mass. Sept. 28, 2021); *Harness v. AngioDynamics, Inc.*, No. 21-cv-10233, 2021 WL 4441260, at *3-4 (D. Mass. Sept. 28, 2021).

3

confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Richter v. Nationstar Mortgage, LLC*, No. H-17-2021, 2017 WL 4155477, at *3 (S.D. Tex. Sept. 19, 2017) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009)). Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This entails "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citation omitted). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* In addition, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

## IV.   Discussion

### A. Statute of Limitations

Plaintiff's tort claims should be dismissed. Plaintiff argues that she qualifies for relief from the applicable statute of limitations under Texas's savings statute. However, the savings statute does not apply where a plaintiff's decision to file the original lawsuit in the wrong jurisdiction was not a good faith error.

This Court is sitting in diversity over non-federal claims under 28 U.S.C. § 1332. A federal court sitting in diversity must apply the forum state's statute of limitations and tolling rules. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir. 1997) (internal citation omitted). The parties do not dispute that Texas is the applicable forum.

4

Accordingly, the Court will apply Texas law. In Texas, the statute of limitations for personal injury claims is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *see also Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 719 (Tex. App.—San Antonio 1998, pet. denied).

"In a personal injury case, a cause of action accrues when the wrongful act causes the injury." *Howard*, 980 S.W.2d at 720. Notwithstanding, Texas's savings statute suspends the running of the statute of limitations for the period between the time when one action is dismissed and the time the same action is re-filed in a different jurisdiction. Tex. Civ. Prac. & Rem. Code § 16.064. However, the statute only applies where: (1) the original action was dismissed for lack of jurisdiction and (2) the second action was filed in the proper jurisdiction within 60 days after the dismissal. *Id.* The statute "does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction." *Id.* Stated another way, it does not apply where the filing in the first forum was not a result of a good faith mistake, but instead a "tactical decision" by the plaintiff's attorney. *See, e.g., Hotvedt v. Schlumberger Ltd. (N.V.)*, 942 F.2d 294, 297 (5th Cir. 1991).

Neither party disputes that July 2, 2021, is the operable statute of limitations, which would bar her tort claims if the savings statute does not apply to them. *See* Dkt. No. 17 at 12 ("Plaintiff's claims are time barred unless the Texas savings clause applies"); Dkt. No. 19 at 4 ("Plaintiff filed her Complaint with this Court pursuant to the Texas Savings Statute.") Instead of initially pursuing her claims in Texas, Plaintiff intentionally chose to file her lawsuit in Massachusetts, where her case was dismissed for lack of jurisdiction on October 28, 2021. On December 27, 2021, within 60 days, she refiled her complaint in this court, such that the first two prongs of the statute are met. *See* Tex. Civ.

5

Prac. & Rem. Code § 16.064. However, Plaintiff's choice to file her lawsuit in Massachusetts was strategic.

Aside from this case, Plaintiff's counsel filed at least five other markedly similar cases on behalf of other clients against the same Defendants, each of which were dismissed for lack of personal jurisdiction. *See Walters v. Angiodynamics, Inc. et al*, No. 4:21-cv-01376-O, Dkt. No. 17 at 6 (internal citations omitted). Based on those cases, Plaintiff's counsel was aware that Defendants' ties to Massachusetts were tenuous. For example, on February 11, 2021, Defendants submitted affidavits in two of those cases clarifying that the companies were Delaware corporations with a principal place of business in New York. *Id.* at 6-7 (internal citation omitted). Despite this knowledge, counsel filed this lawsuit in Massachusetts, relying on the fact that Defendants conducted some of their business within the state. Furthermore, in rejecting Plaintiff's complaint, the Massachusetts court found Plaintiff's arguments in favor of jurisdiction to be "self-serving" and "conclusory". *Mora*, 2021 WL 5040333, at *10. These facts establish that Plaintiff's decision to file her lawsuit in Massachusetts was not a good faith mistake but rather a strategic decision. Such decisions are not covered by the Texas savings statute. Accordingly, Plaintiff's tort claims (Counts 1-4 of the Complaint) should be dismissed.[2]

## B. Pre-Suit Notice

Plaintiff alleges that Defendants breached the following express and implied warranties: that the device was safe and did not produce dangerous side effects, that it was of merchantable quality, that it was fit for its intended use by consumers, and that it

---

[2] Because the Court finds the statute of limitations to be dispositive as to Plaintiff's tort claims, it does not address the parties' arguments as to the sufficiency of the remainder of Plaintiff's tort allegations.

was adequately tested. Defendants have moved to dismiss these claims based on Plaintiff's failure to notify them of her claims prior to filing suit, as required by Texas law. Because Plaintiff has failed to notify Defendants regarding her breach of warranty claims, they should be dismissed.

An express warranty is an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." Tex. Bus. & Com. Code § 2.313(a). Contracts for the sale of goods also contain implied warranties that the product is merchantable and fit for the buyer's intended use. *See id.* §§ 2.314-2.315. Prior to filing suit for breach of either warranty, Texas law requires the buyer to notify the seller of defects in the goods. *See id.* § 2.607(c)(1); *Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 970 (S.D. Tex. 2016). This pre-suit notice "informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation" absent the need for litigation. *Id.* at § 2.607 cmt. 4.

Plaintiff does not dispute that she failed to notify Defendants of her breach of warranty claims prior to filing suit. Rather, she argues that she alleged that Defendants received large numbers of adverse event reports from health care providers that the device was fracturing, such that Defendants should have been aware that the product was failing. Plaintiff urges that "[t]hese allegations, together with those contained in both Counts, are sufficient . . . because the Defendants had actual notice of the product's failure even before the Plaintiff was injured." Dkt. No. 19 at 14. Plaintiff cites to *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 189 (5th Cir. 1996), for the proposition that "notice is a question for the trier of fact" rather than a matter of law. Plaintiff's position appears to be that she was not required to personally notify Defendants regarding the breach of warranty where

7

Defendants were already on notice of product issues. Plaintiff's argument does not hit the mark.

Plaintiff has failed to allege that she personally complied with the pre-suit notice requirements. Any notice that Defendants may have received from third parties does not satisfy her pre-suit notice obligation under Texas law. *See Fearrington v. BoS. Sci. Corp.*, 410 F. Supp. 3d 794, 806 (S.D. Tex. 2019) ("[T]he statute expressly requires Plaintiff, not the FDA [or some other third party], to provide pre-suit notice); *McKay v. Novartis Pharm. Corp.*, 934 F. Supp. 2d 898, 913 (W.D. Tex. 2013) ("[A] generic notice that [Defendant] might have had regarding problems with [the product] generally does not suffice under Texas law. Instead, the notice must have alerted [Defendant] to a particular buyer/end user, namely [Plaintiff]." If Defendants did not receive notice that the product caused injury to Plaintiff specifically, it did not satisfy her pre-suit notice obligation. As such, adverse event reports by third parties "years before the Plaintiff was implanted with the device" do not satisfy Plaintiff's burden. Dkt. No. 19 at 14. Because Plaintiff skipped this step, which was a necessary pre-condition to filing suit, her claims for breach of implied and express warranty should be dismissed.[3]

In her Response, Plaintiff appears to request leave to amend her complaint should the Court find her allegations regarding pre-suit notice to be lacking. *Id.* ("[The" allegations . . . are sufficient to sustain the claim for breach of express and implied warranty . . . However, if the court finds the allegations in the Complaint lacking, Plaintiff requests leave to amend.") While Rule 15(a)(2) states that courts should "freely" grant

---

[3] Because the Court finds the pre-suit notice requirement to be dispositive as to Plaintiff's breach of warranty claims, it does not address the parties' arguments as to the sufficiency of the remainder of Plaintiff's breach of warranty allegations. In addition, because the Court finds that all of Plaintiff's claims should be dismissed, it does not address the parties' arguments as to Plaintiff's claims for damages.

8

leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiff fails to elaborate or otherwise show how she would be entitled to such relief pursuant to the Rule. She further fails to state how such amendment would not be considered futile. "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000). The Court, therefore, recommends that Plaintiff's request for leave to amend her Complaint be denied.

### V.  Recommendation

For the foregoing reasons, it is recommended that the Court: 1) **GRANT** Defendants' Motion to Dismiss, Dkt. No. 17; 2) **DISMISS** all of Plaintiffs' claims; 3) **DENY** Plaintiff's request for leave to amend her Complaint, Dkt. No. 19; and 4) **DIRECT** the Clerk of Court to **CLOSE** this case.

### VI.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **20th** day of **September**, **2022**, at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**